J. S70012/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID W. DICKSON, | : | No. 3582 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, October 6, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. 9307-3271-3273,
CP-51-CR-0732711-1993

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 20, 2018**

David W. Dickson appeals **pro se** from the October 6, 2017 order

denying his second petition filed pursuant to the Post Conviction Relief Act

("PCRA")[1] as untimely.  After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> In December of 1995, the Honorable Juanita Kidd
> Stout presided over [appellant's] second jury trial in
> which [appellant] was found guilty of murder in the
> second degree and robbery.[2]   [Appellant] had
> previously been tried on identical charges and that
> trial ended in a mistrial when the jury failed to reach
> a verdict.  In May of 1997, Judge Stout imposed
> [appellant's] judgment of sentence.  [Appellant] is

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(b) and 3701(a), respectively.

now serving a life sentence for second degree murder and robbery.

The operative facts supporting the judgment of sentence entered against [appellant] arose from the murder of Deborah Wilson and subsequent abuse of her corpse. Deborah Wilson was a student at Drexel University who had been studying alone in a basement computer lab on Drexel University's campus when she was murdered in the hours after midnight on November 30, 1984. Her barefoot body was discovered outside a basement door of a campus building. Her sneakers and socks were never found, and the subsequent investigation revealed that various sexual acts were performed on her feet. [Appellant], employed by Wells Fargo Security, was working as a security guard for Drexel University when Ms. Wilson was murdered. He was assigned to the [sic] patrol the area of campus where Ms. Wilson was murdered and where her body was ultimately found. [Appellant] was not arrested until June of 1993, following a grand jury presentment, and the record is replete with evidence establishing [appellant's] longstanding fetish for women's sneakers and feet.

PCRA court opinion, 12/8/17 at 1-2.

As noted, the trial court sentenced appellant to an aggregate term of life imprisonment on May 27, 1997. On March 17, 2000, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on October 20, 2000. ***Commonwealth v. Dickson***, 757 A.2d 991 (Pa.Super. 2000), ***appeal denied***, 764 A.2d 1065 (Pa. 2000). On July 3, 2001, appellant filed a ***pro se*** PCRA petition. Thereafter, on August 29, 2001, appellant filed an amended ***pro se*** petition and James Bruno, Esq. ("PCRA counsel"), was appointed to represent him.

On April 28, 2005, PCRA counsel filed an amended PCRA petition on appellant's behalf, which was ultimately dismissed by the PCRA court on April 13, 2006.

On October 23, 2007, a panel of this court affirmed the dismissal of appellant's petition, and our supreme court denied allowance of appeal on September 15, 2009. ***Commonwealth v. Dickson***, 943 A.2d 311 (Pa.Super. 2007), ***appeal denied***, 980 A.2d 605 (Pa. 2007). On March 22, 2016, appellant filed the instant ***pro se*** PCRA petition, his second. On July 18, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a ***pro se*** response to the PCRA court's Rule 907 notice on July 31, 2017. Thereafter, on October 6, 2017, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed on October 24, 2017.[3]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super.

---

[3] The PCRA court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On December 8, 2017, the PCRA court filed its Rule 1925(a) opinion.

2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted). Additionally, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant[.]" ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014).

Here, appellant's judgment of sentence became final on January 18, 2001, 90 days after our supreme court denied allowance of appeal and the deadline for filing a petition for writ of ***certiorari*** in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Accordingly, appellant had until January 18, 2002, to file a timely PCRA petition. ***See***

42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed over 14 years later on March 22, 2016, is patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in Section § 9545(b)(1).[4]

In his ***pro se*** brief to this court, appellant fails to properly invoke any of the statutory exceptions to the PCRA time-bar set forth in Section § 9545(b)(1). Rather, the crux of appellant's argument is that PCRA counsel, who was the subject of disciplinary suspension in 2014, rendered ineffective assistance of counsel in appellant's first PCRA petition. Appellant frames his issues as follows:

> I. Was [PCRA counsel] ineffective when he admitted to the Pennsylvania Bar to misconduct, misconduct due to his being diagnosed with Attention–Deficit Hyperactivity Disorder and Dysthymic Disorder[;] misconduct which also occurred while [PCRA counsel] was representing [appellant?]
>
> II. While representing [appellant] did [PCRA counsel] violate the Rules of Professional Conduct 1.3, 1.4(a)(2), 1.4(a)(3), 1.4(a)(4), 1.4(b) and 1.16(d)[?]
>
> III. Did [PCRA counsel] prejudice [appellant] by failing to provide [appellant] with requested

---

[4] The three narrow exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012), citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

> trial transcripts, thus hindering [appellant] from properly preparing and filing his appeal[?]

Appellant's brief at 1 (unnecessary capitalization omitted).

"[I]t is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Based on the foregoing, we conclude that appellant has failed to explicitly plead or prove any of the statutory exceptions to the PCRA time-bar required to invoke and preserve an otherwise timely petition. Accordingly, we lack jurisdiction to review the merits of appellant's claims. *See Callahan*, 101 A.3d at 123 (holding, if a PCRA petition is untimely on its face, or fails to meet one of the three statutory exceptions to the time-bar, we lack jurisdiction to review it). Thus, the PCRA did not err in dismissing appellant's PCRA petition as untimely.[5]

Order affirmed.

---

[5] In reaching this conclusion, we recognize, as the PCRA court did in its opinion, that "PCRA counsel was not suspended from the practice of law until well after he ceased representation of [appellant] in 2007 . . . [and] nothing in the record indicates that [appellant's] first PCRA petition was dismissed based on attorney misconduct." (PCRA court opinion, 12/8/17 at 4.)

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/20/18</u>